THE LAW OFFICES OF RODERICK J. LINDBLOM
RODERICK J. LINDBLOM (Bar No. 153768)
10880 Wilshire Boulevard, Suite 1150
Los Angeles, California 90024
Telephone: (310) 552-2021
Facsimile: (310) 552-2022
rod.lindblomlaw@gmail.com

*Attorneys for Plaintiffs*
BRANDON CRAIG PIERRE COX, p/k/a "MAXO", an individual; PIERRE LAMAR RICHARDS, an individual; and PACKTOWN ENTERTAINMENT, LLC, a California limited liability company

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON CRAIG PIERRE COX, p/k/a "MAXO", an individual; PIERRE LAMAR RICHARDS, an individual; and PACKTOWN ENTERTAINMENT, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> TINASHE JORGENSEN KACHINGWE, p/k/a "TINASHE", an individual; TINASHE MUSIC, INC., a California corporation; BRIAN VINCENT BATES, p/k/a "KILLAH B", an individual; ROC NATION, a Delaware corporation; SONY/ATV SONGS, LLC, a Delaware limited liability company; SONY/ATV TUNES, LLC, a Delaware limited liability company; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO: 2:22-cv-08327 <br><br> **FIRST AMENDED COMPLAINT FOR:** <br><br> **1. Copyright Infringement Under §§ 101 & 106 of the 1976 Copyright Act** |

FIRST AMENDED COMPLAINT

Plaintiffs BRANDON CRAIG PIERRE COX, p/k/a "MAXO", an individual ("Maxo"), PIERRE LAMAR RICHARDS, an individual ("Richards"), and PACKTOWN ENTERTAINMENT, LLC, a California limited liability company ("PackTown") (collectively, "Plaintiffs") by and through undersigned counsel, bring this First Amended Complaint for copyright infringement against Defendants TINASHE JORGENSEN KACHINGWE, p/k/a "TINASHE", an individual ("Tinashe"), TINASHE MUSIC, INC., a California corporation ("Tinashe Music"), BRIAN VINCENT BATES, p/k/a "KILLAH B", an individual ("Killah B"), ROC NATION, a Delaware corporation ("Roc Nation"), SONY/ATV SONGS, LLC, a Delaware limited liability company ("Sony Songs"), and SONY/ATV TUNES, LLC, a Delaware limited liability company ("Sony Tunes") (collectively, "Defendants") and allege as follows:

## NATURE OF THE ACTION

1. Plaintiff Maxo is a musical composer, lyricist, producer, and performer. Maxo is a California native who specialized in a singular "turned-up" genre of R&B and soul music. Maxo has been credited for his work with several well-known artists, including Devour, Compton Av and Elliot Trent.

2. This action involves not only the blatant copying of a constellation of distinctive and significant compositional elements of Maxo's copyrighted work, "Vibe A Lot," but also the duplicitous actions by defendant Tinashe of first publicly acknowledging Maxo's contribution in creating "Hopscotch," to drive social media engagement, but then cutting off contact with Maxo and failing to credit him for the commercial release of "Hopscotch." The Defendants in this action include those parties involved with the unlawful copying, sale, public performing, licensing, and distribution of "Hopscotch."

3. Tinashe's candid admission concerning Maxo's contributions include a since-deleted Instagram Live video. The video was cast late at night from Tinashe's studio, and Maxo can be seen in the video, with Maxo's work "Vibe A Lot" playing in the background with Tinashe's vocals of Maxo's lyrics playing over it. At one point,

1 Tinashe and Maxo share a satisfactory high five. Tinashe received significant engagement as she teased her upcoming album to her viewers, stating that they had collectively made the song in the last fifty minutes.

4. As set forth in detail below, not only are significant and substantially similar compositional elements of "Vibe A Lot" copied into "Hopscotch," but the ordinary observer would recognize this appropriation.

## JURISDICTION & VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves federal questions arising under the Copyright Act, as amended, 17 U.S.C. §§ 101, *et seq*.

7. This Court has personal jurisdiction over the Defendants because the Defendants may be found, and conduct systematic and continuous business in this Judicial District.

8. Venue is proper under 28 U.S.C. §§ 1400(a) and 1391(c) because the Defendants are subject to personal jurisdiction in this Judicial District, and have committed unlawful acts of infringement in this Judicial District.

## THE PARTIES

9. Plaintiff Maxo is a resident and citizen of the State of California. As registered with the United States Copyright Office, Maxo is the co-owner of the musical composition "Vibe A Lot" and the sound recording "Vibe A Lot."

10. Plaintiff Richards is a resident and citizen of the State of California. As registered with the United States Copyright Office, Richards is the co-owner of the musical composition "Vibe A Lot" and the sound recording "Vibe A Lot."

11. Plaintiff PackTown is a limited liability company organized and existing under the laws of the State of California. PackTown's principal place of business is located at 4821 Lankershim Boulevard, F 321, North Hollywood, CA 91601. As registered with the United States Copyright Office, PackTown is the copyright

1  claimant and holds rights and permissions with respect to the musical composition
2  "Vibe A Lot" and the sound recording "Vibe A Lot."

3     12.    Upon information and belief, Defendant Tinashe is a resident and citizen
4  of the State of California. Tinashe is credited as a writer on the infringing song.

5     13.    Upon information and belief, Defendant Tinashe Music is engaged in
6  musical production and distribution. Defendant is a corporation organized and existing
7  under the laws of the State of California. Defendant's principal place of business
8  appears to be located at 10250 Constellation Boulevard, Suite 100, Century City, CA
9  90067.

10     14.    Upon information and belief, Tinashe Music is the author and owner of
11  the infringing song "Hopscotch."

12     15.    Upon information and belief, Defendant Killah B is a resident and citizen
13  of the State of California. Killah B is credited as a producer on the infringing song.

14     16.    Upon information and belief, Defendant Roc Nation is engaged in
15  entertainment management and publishing. Roc Nation is a corporation organized and
16  existing under the laws of the State of Delaware, with a principal place of business in
17  New York and an office in California.

18     17.    Upon information and belief, Defendant Sony/ATV Songs is engaged in
19  music publishing and copyright licensing. Sony/ATV Songs is a limited liability
20  company organized and existing under the laws of the State of Delaware. Sony/ATV
21  Songs' principal place of business appears to be located at 550 Madison Avenue, New
22  York, NY 10022.

23     18.    Upon information and belief, Defendant Sony/ATV Tunes is a limited
24  liability company organized and existing under the laws of the State of Delaware.
25  Sony/ATV Tunes' principal place of business in New York. Sony/ATV Tunes LLC is
26  a partially owned subsidiary of Sony/ATV Music Publishing LLC.

27     19.    The true names and capacities of DOES 1 through 10, inclusive, whether
28  individual, corporate, associate or otherwise, are unknown to Plaintiffs at this time,

1  who therefore sue said defendants by such fictitious names, and when the true names, capacities, and relationships of such defendants are ascertained, Plaintiffs will ask leave of Court to amend this Complaint to assert the same.

20. Plaintiffs are informed and believe, and on the basis of such information and belief, herein allege that each defendant named in this Complaint was, at all times herein mentioned, and now is, the agent and/or employee of each of the other defendants herein, and was at all times acting within the course and scope of said agency and/or employment. When referring to "Defendants" herein, Plaintiffs intend to include Tinashe, Tinashe Music, Killah B, Roc Nation, Sony Songs, Sony Tunes, and all other defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

### A.    Vibe A Lot

21. This action for copyright infringement arises from the Defendants' infringement of the Plaintiff's copyrights in the musical composition and sound recording of "Vibe A Lot," (referred to collectively herein as "Vibe A Lot") written, composed, and recorded by the Plaintiffs.

22. The musical composition "Vibe A Lot" (the "Music") has been registered with the United States Copyright Office, with Copyright Registration Number PA0002266320.

23. The sound recording "Vibe A Lot" (the "Recording") has been registered with the United States Copyright Office, with Copyright Registration Number SR0000885572.

24. The Music and Recording are each original copyrightable works. Plaintiffs have complied in all respects with 17 U.S.C. § 101, *et seq*. and have secured exclusive rights in Vibe A Lot, and have received copyright registrations in Vibe A Lot with the Copyright Office in accordance with its rules and regulations.

///

///

### B. Intentional Copying of Vibe A Lot

25. The Defendants are the writers, composers, producers, distributors, and publishers of the infringing and derivative musical composition "Hopscotch," the infringing sound recording of Hopscotch, and the music video and other products embodying the infringing musical composition and sound recording Hopscotch (collectively, the "Infringing Hopscotch Works").

26. On or about February 12, 2019, Plaintiff Maxo attended a recording session at Defendant Tinashe's Hollywood Hills Home Studio, where Maxo shared the Vibe A Lot Music and Recording with Tinashe. Tinashe overlaid vocals onto the Vibe A Lot track.

27. On or about November 21, 2019, the Defendants released the album entitled Songs for You. The infringing Hopscotch composition and sound recording appear on the album entitled Songs for You. Songs For You was a commercial hit and received several accolades.

28. To write and record the song Hopscotch, the Defendants intentionally and unlawfully copied from Vibe A Lot. Specifically, the portion of Hopscotch beginning at 1:54 is blatantly sampled from Vibe A Lot such that they are musically identical when played over each other.

29. The entirety of the Infringing Hopscotch Works contains substantially similar defining compositional elements and instrumental themes to those in Vibe A Lot; in particular, the key, tempo, improvised melody, and distinctive glockenspiel sound are rooted in Vibe A Lot.

30. The substantial similarities found in Vibe A Lot and Hopscotch are the result of the Defendants' access to and use of Vibe A Lot during and prior to the production of Hopscotch.

### C. Unauthorized Exploitation of Vibe A Lot

31. The Defendants have, without authorization, and without giving either credit or a copyright interest to Maxo or Richards, created a derivative work of Vibe A

Lot and produced, distributed, displayed, publicly performed, and otherwise exploited the Infringing Hopscotch Works, resulting in substantial revenue, profit, and notoriety for the Defendants.

32. Upon information and belief, all Defendants are responsible in some manner for the events described herein and are liable to the Plaintiffs for the damages they have incurred. As co-infringers, the Defendants are jointly and severally liable for all amounts owed.

33. These acts were willful, knowing, and malicious and perpetrated without regard to the Plaintiffs' right.

34. In April 2021, the Defendants were given notice of the infringement of Vibe A Lot.

35. Despite notice, the Defendants continue to infringe on the Music and Recording by reproducing, displaying, distributing, exploiting, licensing, and publicly performing the Infringing Hopscotch Works. Hopscotch continues to be reproduced, sold, distributed, publicly performed, licensed, and otherwise exploited on compact discs and albums, and as digital downloads, ringtones, music videos and advertisements, all without payment or credit to the Plaintiffs.

36. Defendants' deliberate infringement of Plaintiff's copyright has greatly and irreparably damaged Plaintiff, and Defendant will continue to damage Plaintiff greatly and irreparably unless enjoined by this Court. In the absence of injunctive relief, Plaintiff will have no adequate remedy at law. Accordingly, Plaintiff is entitled to a temporary and permanent injunction in accordance with 17 U.S.C. § 502.

## FIRST CAUSE OF ACTION

### (Copyright Infringement Under §§ 101 & 106 of the 1976 Copyright Act By Plaintiffs Against All Defendants)

37. Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1 through 36, as though set forth in full herein.

38. Plaintiffs own valid copyrights in the Music and the Recording at issue in this case. Plaintiffs are currently and at all relevant times have been the sole proprietor of all rights, title and interest in and to the copyrights.

39. Plaintiffs properly registered the Music and the Recording with the Register of Copyrights pursuant to 17 U.S.C. § 411(a). A true and correct copy of the Certificates of Registration from the U.S. Copyright Office are attached as Exhibit "A" hereto.

40. The Defendants' unauthorized reproduction, distribution, public performance, display, and creation of a derivative work of Vibe A Lot infringes the Plaintiffs' exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*.

41. The Defendants did not seek or receive permission to copy or interpolate any potion of Vibe A Lot into Hopscotch.

42. The Defendants' conduct has at all times been willful, executed with full knowledge of Plaintiffs' copyrights, and in conscious disregard to the Plaintiffs' exclusive rights in the Music and Recording.

43. As a proximate effect of the Defendants' wrongful conduct, the Plaintiffs have been irreparably harmed.

44. The Infringing Hopscotch Works copy quantitatively and qualitatively distinct, important, and recognizable elements of Vibe A Lot.

45. Hopscotch directly samples thirty-seven seconds of Vibe A Lot.

46. The remaining portions of Hopscotch copy a constellation of distinctive and important elements of Vibe A Lot.

47. From the date of the creation of the infringing Hopscotch, all of the Defendants have infringed the Plaintiffs' copyright interest in Vibe A lot, including: (a) by substantially copying and publicly performing, or authorizing the copying and public performances, including publicly performing Hopscotch at radio, live concerts, personal appearances, and on film, video, television, social media, and otherwise; (b) by authorizing the reproduction, distribution, and sale of the records and digital

1  downloads through the execution of licenses, and/or actually selling, manufacturing, and/or distributing Hopscotch through various sources; (c) by substantially copying and the related marketing and promotion of the sale of the records, videos, tickets to concerts and other performances, and other merchandise; and (d) by participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through substantial use of Vibe A Lot in and as a part of the Infringing Hopscotch Works, packaged in a variety of ways including radio, concerts, personal appearances, film, video, television, and/or otherwise.

48. None of the Plaintiffs have received credit for or copyright ownership interests in and for any of the exploitations of Hopscotch or any of the works associated with Hopscotch.

49. With knowledge of the infringement, the Defendants have induced, caused, or materially contributed to the infringing conduct of others, such that they should be found to be contributorily liable.

50. The Defendants had the right and ability to control other infringers and have derived a direct financial benefit from that infringement such that the Defendants should be found to be vicariously liable.

51. The infringement is continuing as the album Songs for You, on which the single Hopscotch appears, continues to be sold and both the album and single continues to be licensed for sale, downloads, ringtones, mastertones, motion pictures, and advertisements and other exploitations by the Defendants, or their agents.

52. As a direct and proximate result of the conduct of the Defendants, the Plaintiffs have suffered actual damages including lost profits, lost opportunities, and loss of good will.

53. Pursuant to 17 U.S.C. § 504(b), the Plaintiffs are entitled to damages, including the substantial profits of the Defendants, as will be proven at trial.

54. In the alternative, pursuant to 17 U.S.C. § 504(c), the Plaintiffs are entitled to the maximum statutory damages of $150,000 per infringement.

55. The Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

56. The Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause the Plaintiffs irreparable injury that cannot be fully compensated or measured in monetary terms. The Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, the Plaintiffs are entitled to a permanent injunction prohibiting the reproduction, distribution, sale, public performance, or other use or exploitation of Hopscotch, including all Infringing Hopscotch Works.

57. By reason of the infringement, Plaintiffs have sustained and will continue to sustain substantial injury, loss, and damage to their ownership rights in the copyrighted Music and Recording.

58. Plaintiffs are informed and believe, and on that basis allege, that unless enjoined by this Court, Defendants will continue their course of conduct and will continue to wrongfully use, infringe upon, sell, and otherwise profit from Plaintiffs' copyrighted Music and Recording.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants as follows:

A. A declaration that the Defendants have willfully infringed the Plaintiffs' copyrighted Music and Recording in violation of the Copyright Act;

B. For a preliminary and permanent injunction enjoining and restraining Defendants and all persons acting in concert with Defendants from reproducing, distributing, creating derivative works, displaying, advertising, promoting, offering for sale and/or selling, or performing any materials that are substantially similar to the copyrighted Music and Recording, and to destroy and certify to the Court such destruction or deliver to the Court for destruction or other reasonable disposition all such

materials and means for producing same in Defendants' possession or control;

C. For a preliminary and permanent injunction enjoining and restraining Defendant and its agents, servants, employees, attorneys, and all persons acting in concert and participation with it from infringing upon Plaintiffs' copyrights;

D. For actual damages, punitive damages, and Defendant's profits to be determined at trial, plus interest;

E. For statutory damages of $150,000 per infringement pursuant to 17 U.S.C. § 504, at Plaintiff's election;

F. For punitive damages on each count where available;

G. For an award of reasonable attorney's fees and costs under 17 U.S.C. § 505;

H. For pre-judgment and post-judgment interest according to law, as applicable; and

I. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand trial by jury on all claims so triable.

Dated: February 17, 2023

Respectfully submitted,

THE LAW OFFICES OF
RODERICK J. LINDLBOM, APLC

By:  /s/ Roderick Lindblom
RODERICK J. LINDBLOM
*Attorney for Plaintiffs*
BRANDON CRAIG PIERRE COX, p/k/a "MAXO", an individua; PIERRE LAMAR RICHARDS, an individual; and PACKTOWN ENTERTAINMENT, LLC, a California limited liability company